## DROVERS LIVE STOCK COMMISSION COMPANY v. ST. PAUL UNION STOCKYARDS COMPANY.[1]

December 12, 1924.

No. 24,074.

**Complaint states cause of action for breach of contract.**
 The complaint considered and *held* to state a cause of action against the defendant and in favor of the plaintiff.

Action in the district court for Dakota county to recover $35,000. From an order, Converse, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*Patrick J. Ryan*, for appellant.

*Mitchell, Doherty, Rumble, Bunn & Butler*, as amici curiae, filed a brief.

*D. L. Grannis*, for respondent.

QUINN, J.

This is an appeal from an order sustaining a demurrer to the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.

It is alleged in the pleading that plaintiff and defendant are corporations, transacting business in this state; that the defendant owns and operates the stockyards at South St. Paul in connection with which it maintains facilities for receiving, unloading, handling, buying, selling and shipping live stock of all kinds; that said stock

[1]Reported in 201 N. W. 314.

yards are adjacent to several large packing plants, engaged in buying largely of the stock arriving at that point; that, because of the location of such yards and packing plants of such purchasers, nearly all of the live stock produced in the northwest reaches said stock yards on its way to market; that the defendant derives its income directly from the producers and shippers of such stock; that plaintiff is a commission agent, handling live stock upon a commission basis; that the defendant holds itself out to, and does pretend to, provide space in its yards, without discrimination, to such commissionmen to extent that the business developed by any such stock dealer would warrant; that, so long as such commission men would continue such commission business, it would continue to maintain and secure to such parties suitable space in its yards for such business without charge to them.

It is further alleged that, relying upon such representations, plaintiff, in July, 1918, engaged in the stock business on a commission basis at such stockyards and was duly allotted space therein by the defendant, and was permitted and induced to invest large sums of money in the establishment and building up of a commission business, relying upon the statements and representations of the defendant; that at about that time the defendant entered into a contract in writing with the plaintiff, allotting to it sufficient space in said stockyards for its said commission business; that thereafter plaintiff continued to carry on such business in said yards and entered into similar contracts with the defendant from year to year until January, 1923, when the defendant, pursuant to its established practice and in fulfilment of its representations and assurances, tendered to the plaintiff a form of contract for the year beginning January 1, 1923, which plaintiff signed and entered into with the defendant, all in accordance with such custom and practice whereby the plaintiff was allotted space in such stockyards for the year ending December 31, 1923.

It is further alleged that, notwithstanding the making of said contract and the reliance of plaintiff upon the representations of the defendant, defendant, in July, 1923, wrongfully and without cause or justification excluded plaintiff from said yards and the space so

allotted to it, and refused to permit it longer to do business therein, to its damages, etc. It is clear that the complaint states a cause of action for breach of contract. In justice to the trial court it may be noted that a letter from counsel to him, when the case was submitted, may have induced the understanding that the question of breach of contract was not in issue. We must decide the appeal upon the complaint as written. We have not reached any conclusion as to whether, aside from the alleged breach of contract, the complaint states a cause of action, either at common law or under the "Packers & Stock Yards Act 1921," 42 St. 159, c. 64, Fed. Ann. St. 1921 Supp. 287. No rule or administrative order of the secretary of agriculture is involved.

Reversed.